Robert T. Bell, Esq.
Lance P. Jasper, Esq.
Erik Anderson, Esq.
REEP, BELL, LAIRD & JASPER, P.C.
P.O. Box 16960
2955 Stockyard Road
Missoula, Montana 59808-6960
Telephone:  (406) 541-4100
Email:     bell@westernmontanalaw.com
           jasper@westernmontanalaw.com
           anderson@westernmontanalaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| MICHAEL COREY RONCA and IRINA CAITLYN RONCA, <br><br> PLAINTIFFS, <br><br> v. <br><br> RANCH FOR KIDS PROJECT, INC., THE RANCH FOR KIDS, INC., DEEP SPRINGS LIMITED LIABILITY COMPANY, WILLIAM JOHN SUTLEY, DANIEL WILLIAM SUTLEY, JOYCE ELAINE STERKEL, MELISSA D. FELLERS, MIKHAIL VOLSKY, DOES 1-10, <br><br> DEFENDANTS. | Cause No.: <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiffs, by and through counsel of record, Reep, Bell, Laird & Jasper, P.C., and for their Complaint against Defendants, Ranch for Kids

Project, Inc., The Ranch for Kids, Inc., Deep Springs Limited Liability Company, William John Sutley, Daniel William Sutley, Joyce Elaine Sterkel, Melissa D. Fellers, and Mikhail Volsky, state and allege as follows. The Counts stated below may apply concurrently or in the alternative.

## PARTIES

1. Plaintiff Michael Corey Ronca ("Michael") is the parent and was the guardian of his minor child, Irina Caitlyn Ronca ("Irina"), who has since reached the age of majority. At all times pertinent herein, Michael paid tuition to the Ranch for Kids Project, Inc. Michael and Irina are citizens of Virginia Beach, Virginia.

2. Upon information and belief, Defendant Ranch for Kids Project, Inc. (the "RFK Project") is and was at all times relevant herein a Montana corporation claiming "501(c)(3)" nonprofit status with its principal place of business at 3964 Indian Creek Road, Eureka, Montana. The RFK Project is therefore a Montana citizen for purposes of diversity.

3. Defendant Ranch for Kids, Inc. ("RFK") is and was at all times relevant herein a Montana domestic profit corporation with its principal place of business at 3964 Indian Creek Road, Eureka, Montana. RFK is therefore a Montana citizen for purposes of diversity.

4. Defendant Deep Springs Limited Liability Company ("Deep

Springs") is and was at all times relevant herein a Montana limited liability company with its principal place of business at 3964 Indian Creek Road, Eureka, Montana. Its membership structure is not currently available to Plaintiffs but, upon information and belief, its members are citizens of Montana.

5. Upon information and belief, Defendant William John Sutley ("W. Sutley") is a citizen of Montana who resides in Lincoln County, Montana. Upon information and belief, W. Sutley is the executive director of the RFK Project; the director, president, and a presiding officer of RFK; and an active member in Deep Springs.

6. Upon information and belief, Defendant Daniel William Sutley ("D. Sutley") is a citizen of Montana who resides in Lincoln County, Montana. Upon information and belief, D. Sutley is a director of the RFK Project and vice-president, treasurer, and a presiding officer of RFK.

7. Upon information and belief, Defendant Joyce Elaine Sterkel ("Sterkel") is a citizen of Montana who resides in Lincoln County, Montana. Upon information and belief, Sterkel is the secretary and a presiding officer of RFK and an active member in Deep Springs.

8. Upon information and belief, Defendant Melissa D. Fellers ("Fellers") is a citizen of Montana who resides in Lincoln County, Montana. Upon information and belief, Fellers is the president and a director of the RFK Project.

9. Upon information and belief, Defendant Mikhail Volsky ("Volsky") is a citizen of Montana who resides in Lincoln County, Montana. Upon information and belief, Volsky is a director of the RFK Project.

10. Does 1-10 are individuals or entities who may have been involved with provision of professional services to RFK Project, RFK, and Deep Springs as advisors, subcontractors, or employees and committed wrongful acts against Plaintiffs.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

12. Venue is proper in the United States District Court for the District of Montana, Missoula Division, under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in and a substantial portion of the events giving rise to the claims occurred in Lincoln County, Montana.

## FACTUAL ALLEGATIONS

13. At all times pertinent herein, Irina was enrolled as a student in the RFK Project program located in Rexford, Montana. She was referred to the RFK Project for treatment of Reactive Attachment Disorder ("RAD").

14. The RFK Project operates what it claims to be a therapeutic boarding

school in Rexford. Upon information and belief, Defendants RFK and Deep Springs are related entities acting jointly and/or in concert with the RFK Project to operate the RFK Project program and/or other similar therapeutic group homes for children. Hereafter, RFK Project, RFK, and Deep Springs are collectively referred to as the "Ranch/Deep Springs."

15. Upon information and belief, Fellers, W. Sutley, D. Sutley, and Volsky are the directors and/or officers of the RFK Project. Upon information and belief, Sterkel, W. Sutley, and D. Sutley are the directors and/or officers of RFK. Upon information and belief, Sterkel and W. Sutley are the members and/or managers of Deep Springs. The above-mentioned directors, officers, members, and/or managers of the Ranch/Deep Springs are hereafter referred to as the "Individual Defendants."

16. Upon information and belief, at all times pertinent herein, the Individual Defendants operated the Ranch/Deep Springs as set forth above, including hiring, supervising, and managing employees.

17. Upon information and belief, one or more of the Individual Defendants also utilized the Ranch/Deep Springs to obtain personal benefit outside their corporate roles by having children attending the Ranch/Deep Springs programs perform labor on real property owned in the Individual Defendants' personal capacities, as more fully set forth below. Upon information and belief,

the Individual Defendants failed to observe proper corporate formalities and co-mingled activities of the Ranch/Deep Springs with their own personal interests.

18. The Individual Defendants had control over all aspects of the Ranch/Deep Springs, including any therapeutic and scholastic aspects.

19. The Ranch/Deep Springs holds itself out in advertising materials as offering a "compassionate treatment program for children of all ages challenged by Fetal Alcohol Spectrum Disorder (FASD) and Reactive Attachment Disorder." ([www.ranchforkids.org](www.ranchforkids.org).) It claims to utilize "proven methods [to] help kids with FASD and [Reactive Attachment Disorder]." (*Id*.)

20. The Ranch/Deep Springs publishes information and markets itself as a therapeutic school that provides "a modern educational environment" where "all studies are supervised and assisted by staff to ensure student participation and achieving academic goals." (*Id*.)

21. Based upon the Ranch/Deep Springs advertising and the representations made by it and the Individual Defendants, Michael selected the Ranch/Deep Springs for his daughter's treatment and directed that funds available for Irina's treatment be paid to the Ranch/Deep Springs.

22. On July 23, 2019, the Ranch/Deep Springs' license to operate as a Private Alternative Adolescent Residential and Outdoor Program ("PAARP") was suspended by the State of Montana and twenty-seven (27) children were removed

from the Ranch/Deep Springs due to the State's belief that children at the Ranch/Deep Springs were either being abused or neglected directly or were at serious risk for abuse and neglect.

23. The Ranch/Deep Springs' Program Participant Handbook purports to follow a "Balanced Life Philosophy," which utilizes a "levels" behavioral modification system "to make it easy to make the right choices and make it difficult to make wrong choices." Upon information and belief, this "levels" system and the manner in which it was implemented perpetuated systemic injury and neglect to children at the Ranch/Deep Springs.

24. Upon information and belief, because of the systemic injury and neglect at the Ranch/Deep Springs, Irina experienced physical harm and mental injury with physical and emotional manifestations.

25. Upon information and belief, because of the systemic injury and neglect at the Ranch/Deep Springs, Irina experienced psychological injury and physical harm, name calling, manipulation through the withholding of food, and excessive punishments that endangered Irina's health and placed her at imminent risk of harm.

26. Upon information and belief, because of the practices at the Ranch/Deep Springs, Irina experienced medical neglect, including lack of medical attention as well as the Ranch/Deep Springs' failure to meet the basic needs of a

child.

27. Upon information and belief, because of the practices at Ranch/Deep Springs, Irina experienced psychological injury from witnessing the abuse of other children at the Ranch/Deep Springs.

28. Upon information and belief, at all times relevant herein, the Individual Defendants concealed from Michael the systemic injuries and neglect which Irina suffered at the Ranch/Deep Springs. Upon information and belief, the Individual Defendants have conspired to prevent Michael from discovering their conduct.

## COUNT ONE – NEGLIGENCE

29. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

30. Defendants owed a duty of reasonable care in connection with boarding, treating, supervising, and educating Irina, and in connection with the hiring, oversight, and management of Ranch/Deep Springs personnel who would carry out those tasks.

31. Defendants failed to exercise reasonable care in the fulfillment of their duties.

32. As a result of Defendants' failure to exercise reasonable care, Irina suffered neglect, physical abuse, and psychological abuse by the Ranch/Deep

Springs staff, including without limitation the Individual Defendants.  Upon information and belief, among other things, Irina was subjected to extended periods of social isolation, sometimes for days and weeks on end; was subjected to an unhealthy diet; experienced mental and physical abuse, such as 15 to 20 mile punishment walks on a remote forest service roads in harsh conditions with improper or no shoes; and was exploited for labor at the Individual Defendants' personal homes.

33.    Irina was an at-risk, vulnerable child who was in Defendants' custody and control and who was dependent upon Defendants for food, shelter, therapy, well-being, and protection while at the therapeutic boarding school.  Defendants failed to fulfill the promises and the duties they owed to Irina.

34.    Defendants' breaches of duty caused damages to Plaintiffs, including without limitation physical and mental suffering and the resulting trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

## COUNT TWO – PROFESSIONAL MALPRACTICE

35.    Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

36.    The Ranch/Deep Springs held itself out as providing professional

services for students like Irina. These included without limitation therapy, boarding, schooling, and organization and supervision of extracurricular activities. The Individual Defendants repeated these claims in representations made to Plaintiffs.

37. Among other things, Defendants claimed to utilize "proven" treatment methods for RAD and to utilize a "modern educational environment" to educate students.

38. Defendants had a duty to provide appropriate therapeutic and scholastic services to students for their benefit and that of their parents, including Plaintiffs.

39. Defendants breached their obligations by failing to render appropriate professional services and by deviating from the standard of care required when providing professional therapeutic and scholastic services.

40. Defendants' wrongful acts include but are not limited to: (1) failing to implement a therapeutic program conforming to the representations made by the Ranch/Deep Springs; (2) failing to implement a scholastic program conforming to professional standards; (3) failing to implement a therapeutic program conforming to any generally accepted therapeutic methodology or standard of care; (4) failing to provide therapy as represented; (5) failing to provide adequate medical care to students; (6) allowing physical and mental abuse and neglect by staff and/or the

Individual Defendants; and (7) allowing exploitation of student labor for personal purposes by the Individual Defendants.

41.  As a result of the wrongful acts identified above, and others which may be revealed in the course of discovery, Defendants committed professional malpractice.

42.  Defendants' breaches of duty caused damages to Plaintiffs, including without limitation physical and mental suffering and the resulting trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

## COUNT THREE – NEGLIGENT MISREPRESENTATION

43.  Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

44.  Defendants represented to Plaintiffs that the Ranch/Deep Springs was capable of and would provide stable and appropriate therapeutic and scholastic boarding school environment for Irina and other at-risk children.  Defendants further represented that it offered an "effective, compassionate treatment program," utilized "proven" treatment methods, offered a "safe environment," and implemented "modern" educational techniques.

45.  Defendants misrepresented the Ranch/Deep Springs' services and

environment.

46. Plaintiffs, particularly Michael, had reasonable grounds for believing the representations to be true.

47. The representations were made with the intent that Michael and others similarly situated would rely on them.

48. Michael was unaware of the falsity of the representations and acted in reliance thereon.

49. Plaintiffs justifiably relied on the representations and sustained damages as a result.

50. Defendants' misrepresentations caused damages to Plaintiffs, including without limitation physical and mental suffering and the resulting trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

## COUNT FOUR – NEGLIGENT HIRING

51. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

52. Having undertaken the care of Irina during her time at the Ranch/Deep Springs, Defendants had a duty to hire sufficiently trained staff to keep Irina safe and to provide appropriate therapeutic services.

53. Upon information and belief, Defendants have a practice of employing unqualified staff, which resulted in an abusive and exploitative environment for Irina.

54. Defendants' breaches of duty caused damages to Plaintiffs, including without limitation physical and mental suffering and the resulting trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

**COUNT FIVE – NEGLIGENT SUPERVISION AND TRAINING**

55. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

56. Having undertaken the care of Irina at the Ranch/Deep Springs, Defendants had a heightened duty to protect Irina from harm. Defendants knew that, due to her age and mental condition, Irina and children like her were particularly vulnerable to abuse and exploitation.

57. Defendants had a duty to properly supervise and oversee all employee interactions with students at the Ranch/Deep Springs, including Irina.

58. Defendants knew or should have known that employees needed appropriate training on proper educational and therapeutic techniques with students like Irina.

59. Appropriate training and supervision of the Ranch/Deep Springs employees was not provided by Defendants.

60. The failure to provide appropriate supervision and training resulted in an environment in which Irina was subjected to neglect, physical and mental abuse, and exploitation.

61. Defendants' breaches of duty caused damages to Plaintiffs, including without limitation physical and mental suffering and the resulting trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

**COUNT SIX – VIOLATION OF MONTANA WAGE PROTECTION ACT**

62. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

63. Upon information and belief, during school hours, Irina was frequently sent by Ranch/Deep Springs employees to the Individual Defendants' personal home/ranch properties, where she was forced to perform labor for up to eight hours per day. Work included maintenance and improvements to the personal properties of the Individual Defendants.

64. Irina's work accrued to the personal benefit of the Individual Defendants and had no genuine scholastic or therapeutic purpose. It enhanced the

value and assisted with the maintenance of their personal residences.

65.  Pursuant to Montana Code Annotated § 39-3-201(4), Irina was an employee under Montana law.  Pursuant to Montana Code Annotated § 39-3-201(5), the Individual Defendants, to the extent they required Irina to perform personal services for them, were employers under Montana law.

66.  The Individual Defendants should have, but did not, pay Irina for the fair value of her services, at the very least, minimum wage.

67.  Pursuant to Montana Code Annotated § 39-3-204(1), every employer is required to pay each employee the wages earned by the employee within 10 days after the wages are due and payable.  The Individual Defendants violated these duties.

68.  As a result of the Individual Defendants' violations, Irina is entitled to an award of back wages and a statutory penalty of 110% pursuant to Montana Code Annotated § 39-3-206(1).

69.  As a result of the Individual Defendants' violations, Irina is entitled to recover court costs and attorneys' fees pursuant to Montana Code Annotated § 39-3-214.

## COUNT SEVEN – FIDUCIARY DUTIES

70.  Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

71. Michael reposed faith, confidence, and trust in Defendants in conjunction with the care of Irina and the Ranch/Deep Springs' representations about its capability to provide a stable and safe therapeutic and scholastic boarding school environment.

72. Due to the nature of the school, i.e., a school in which limited communications are permitted with children and parents, and the high level of control exercised by the Individual Defendants over the activities conducted within the school, there exists a special and unique relationship between students and their families and Defendants, in which Defendants occupy a position of unique power and control, and in which Plaintiffs lack control and are highly dependent upon Defendants.

73. The foregoing factors establish a fiduciary relationship owed by Defendants to Plaintiffs. This relationship creates a duty of the highest loyalty to the interests of Plaintiffs.

74. Defendants' breach of their fiduciary duty caused damages to the Plaintiffs.

## COUNT EIGHT – CONSUMER PROTECTION ACT

75. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

76. The Montana Consumer Protection Act renders unfair or deceptive

acts or practices in the conduct of any trade or commerce unlawful. Mont. Code Ann. § 30-14-103.

77. Plaintiffs are consumers. Defendants supplied professional services to them primarily for their personal, family, or household purposes.

78. Defendants engaged in acts which caused and were likely to cause substantial injury to consumers, including Plaintiffs.

79. Defendants engaged in acts or practices by making representations, omissions, and engaging in practices that did and were likely to mislead consumers like Plaintiffs.

80. Plaintiffs' interpretation and understanding of the representations, omissions, and practices of Defendants were reasonable under the circumstances.

81. Defendants' misleading representations, omissions, and practices were material to Plaintiffs' enrollment of Irina at the Ranch/Deep Springs.

82. Defendants made false representations as to the characteristics, benefits, and other qualities of the Ranch/Deep Springs' program.

83. The Individual Defendants advertised the Ranch/Deep Springs' professional services with intent not to provide them as advertised.

84. Defendants, individually and acting in concert, violated the Montana Consumer Protection Act, causing damages general and special to Plaintiffs, including without limitation physical and mental suffering and the resulting

trauma, therapeutic setbacks, academic setbacks, enhanced need for future therapeutic care, enhanced need for future academic training, lost benefit of tuition paid, lost income, and other damages general and special.

85. Pursuant to Montana Code Annotated § 30-14-133, Defendants are liable for Plaintiffs' damages, attorneys' fees incurred in this suit, and treble damages.

## COUNT NINE – EXEMPLARY DAMAGES

86. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

87. In the conduct alleged in the other paragraphs of this Complaint, Defendants were guilty of actual malice or actual fraud as those terms are defined at Montana Code Annotated § 27-1-221.

88. Defendants had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs.

89. Defendants deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiffs or with indifference to the high probability of injury to Plaintiffs.

90. In committing the misrepresentations previously alleged, Defendants made representations with knowledge of their falsity.

91. Defendants concealed material facts, including the deficiencies with

the Ranch/Deep Springs program, with the purpose of depriving Plaintiffs of property or legal rights or otherwise causing injury. Plaintiffs had a right to rely on Defendants' representations and suffered injury as a result of that reliance.

92. Plaintiffs are entitled to an award of exemplary damages against Defendants pursuant to Montana Code Annotated § 27-1-221.

## COUNT TEN – PIERCING THE CORPORATE VEIL

1. Plaintiffs repeat and incorporate by reference the other allegations of this Complaint as if fully set forth herein.

2. Upon information and belief, the Ranch/Deep Springs was used as an alter ego entity for some or all of the Individual Defendants. At a minimum, they used children to perform work on their personal real property without adequate compensation. Discovery will likely result in identification of additional alter ego abuses.

3. The Ranch/Deep Springs was used by the Individual Defendants as a subterfuge to defeat public convenience, justify wrong, or perpetrate fraud.

4. This is an appropriate case for piercing of the corporate veil. The Individual Defendants' personal assets should answer in whole or in part for any judgment against the Ranch/Deep Springs in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a. For an award of general damages against Defendants;

b. For an award of special damages against Defendants;

c. For an award of attorneys' fees against Defendants;

d. For an award of treble damages against Defendants;

e. For an award of exemplary damages against Defendants;

f. For a determination that the Individual Defendants utilized the Ranch/Deep Springs as an alter ego entity and/or that the corporate veil may be pierced;

g. For Plaintiffs' costs; and

h. For such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 6th day of January, 2020.

                                REEP, BELL, LAIRD & JASPER, P.C.

                                By:  /s/ Robert T. Bell
                                      Robert T. Bell
                                      Attorney for Plaintiffs